IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 5, 2000 Session

FRED BIRDSALL, ET AL. v. FLOYD BIRDSALL

Appeal from the Circuit Court for Campbell County
No. 11,632     Hon. Conrad Troutman, Judge

FILED JANUARY 5, 2001

No. E2000-01544-COA-R3-CV

Plaintiffs/Appellants sought the return of several items, including a shotgun, tiller and lawn mower, as well as $1,500 in damages to a 1980 Ford pick-up truck, from Defendant/Appellee. The Trial Court found the matter too speculative and dismissed the case. We have no transcript and no Statement of the Evidence. Accordingly, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the Trial Court's factual findings. Judgment of the Trial Court affirmed.

**Tenn. R. App. R. 3; Judgment of the Trial Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J. and CHARLES D. SUSANO, JR., J., joined.

Fred Birdsall and Wanda Birdsall, Lafollette, Tennessee, Pro Se.

Floyd Birdsall, Lafollette, Tennessee, Pro Se.

**MEMORANDUM OPINION**[1]

        Fred and Wanda Birdsall, Plaintiffs/Appellants, filed suit against Floyd Birdsall, Defendant/Appellee, in Campbell County General Sessions Court in November 1999, seeking the

---

[1]**Rule 10. Affirmance Without Opinion - Memorandum Opinion.** (b) MEMORANDUM OPINION. The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

return of several items including a 12 gauge shotgun, a Troybilt tiller and a lawn mower, as well as $1,500 in damages "for blowing motor up in 1980 Ford pick up." The Trial Court dismissed the case based on the Plaintiffs' failure to carry their burden of proof. Plaintiffs appealed to the Campbell County Circuit Court, which apparently heard witnesses, although we have no transcript of that hearing. The Campbell County Circuit Court entered an Order on May 25, 2000, finding the Plaintiffs' claims too speculative and dismissing Plaintiffs' case. Plaintiffs appeal to this Court.

Our ability to deal with the appeal is hampered by the absence of either a transcript of the proceedings in the Trial Court or a Statement of the Evidence prepared in accordance with Tenn. R. App. P. 24(c). This Court cannot review the facts *de novo* without an appellate record containing the facts, and, therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the Trial Court's factual findings. *Sherrod v. Wix,* 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). This being so, we affirm the decision of the Trial Court.

### Conclusion

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellants, Fred and Wanda Birdsall.

_____
D. MICHAEL SWINEY, JUDGE